**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEROME NORTON,**

    **Plaintiff,**

vs.                                                              Case No. 4:13cv432-MW/CAS

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for consideration of the Defendant's motion to dismiss, treated as a motion for summary judgment, in which the Defendant requests dismissal of the Plaintiff's Complaint as untimely.

**1. Procedural History**

On August 7, 2013, the Plaintiff, by counsel, filed a Complaint in this Court. Doc. 1. The Plaintiff seeks review of a decision rendered by the Acting Commissioner denying his applications for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act) and Supplemental Security Income under Title XVI of the Act. Doc.1. The filing of the Complaint was preceded by the following undisputed facts, which are found in the Defendant's motion to dismiss, doc. 13; the Defendant's statement of material facts, doc.20, the Plaintiff's response in opposition to the Defendant's motion to dismiss/motion for summary judgment, doc.23; and the

Plaintiff's statement of disputed issues of material fact in opposition to the Defendant's motion to dismiss/motion for summary judgment, doc. 24.

On June 22, 2012, Administrative Law Judge (ALJ) Andrew Dixon III entered his decision denying the Plaintiff's applications for social security benefits. Doc. 13-1 at 8-15. A copy of this decision was mailed to the Plaintiff. Doc. 13-1 at 3 (Declaration of Patrick J. Herbst). Thereafter, the Plaintiff sought review of the ALJ's unfavorable decision. Doc. 13-1 at 3. "On May 28, 2013, the Appeals Council sent, by mail addressed to the plaintiff . . . with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from date of receipt (Exhibit 2)." *Id.*; see doc. 13-1 at 16-21. The Appeals Council's notice was received by the Plaintiff's then counsel on June 3, 2013. Doc. 14 at 2. The Appeals Council stated, in part, that the Plaintiff had "60 days to file a civil action (ask for court review)"; "that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period"; "[i]f you cannot file for court review within the 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in this request." Doc. 13-1 at 17-18.

On August 7, 2013, the Plaintiff's counsel faxed/filed a written request for an extension of time to file a civil action in the federal district court. Doc. 13-1 at 3, 23.

Counsel stated that the "the time for filing a civil action expired on *August 2, 2013*." *Id*. (emphasis added).[1]  Counsel further stated:

> 3.  The reason that petitioner could not file an action within such period is as follows: Petitioner's case was referred to undersigned counsel in July 2013 and undersigned counsel received petitioner's appointment as representative (enclosed) in August 2013.  Undersigned counsel will file a civil action in the United States District Court for the northern district of Florida concurrently with this request.
>
> 4.  A reasonable time for the extension is to and including September 3, 2013.

Doc. 13-1 at 3, 23.  On August 7, 2013, the Plaintiff, by counsel, filed his Complaint in this Court.  *Id.*; *see* doc.1.

On September 18, 2013, the Appeals Council notified the Plaintiff's counsel in writing that the request to extend the time to file a civil action was denied stating in material part:

> You stated that you could not file on time because the claimant's case was referred to you in July 2013 and you did not receive the Appointment of Representative form (SSA-1696) until August 2013.  The Appeals Council issued its notice denying the claimant's request for review of the June 22, 2012 hearing decision on May 28, 2013.  The notice indicated that the claimant had 60 days to file a civil action.  Including the 5-day mailing period, the deadline for filing a civil action was *August 1, 2013*.  Although you did not receive a signed SSA-1696 until August 2013, this case was first referred to you in July 2013.  As such, you should have been aware of the approaching deadline for filing the civil action.  In addition, the claimant signed the SSA-1696 on July 29, 2013, three days before the filing deadline.  However, you did not file a civil action or seek an extension of time to file the civil action until August 7, 2013.  You have not established good cause for filing late.

---

[1]  The Plaintiff now argues that the time for filing a civil action expired on August 5, 2013.  Doc. 14 at 2.  According to the Plaintiff, the Plaintiff's former counsel received the Appeals Council's decision on June 3, 2013, a state holiday.  Doc. 14-1 at 1.  Therefore, the 60-day time period began on June 5, 2013, not June 4, 2013, the day after the holiday, and expired on August 3, 2013, a Saturday.  The last day to file the civil action was the following Monday, August 5, 2013.  Doc. 14 at 2.  The Defendant accepts these facts and agrees that the due date for filing the civil action was August 5, 2013.  Doc. 20 at 2.  Nevertheless, the Complaint was filed on August 7, 2013, two days late.  Doc. 1; doc. 20 at 2.

> After considering the facts in this case, we find no reason under our rules to extend the time to file a civil action. Therefore, we have denied your request for more time.

Doc. 13-1 at 3-4, 24-25 (emphasis added).[2]

On October 28, 2013, the Defendant filed a motion to dismiss, doc. 13, and the Plaintiff filed a response, requesting the motion to dismiss be treated as a motion for summary judgment. Doc. 14. On November 13, 2013, an Order was entered construing the Defendant's motion as a motion for summary judgment and ruling was deferred pending the Defendant's filing of a statement of material facts and a response by Plaintiff. Doc. 15. After receiving extensions of time, docs. 19, 22, the Defendant filed a statement of facts on January 8, 2014, doc. 20, and the Plaintiff filed a response and a statement of facts on March 3, 2014. Docs. 23 and 24.

**2. Legal Analysis**

**A. Summary Judgment**

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). Evidence presented by the plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him. Adickes v. S. H. Kress

---

[2] The SSA-1696 form is referred to in 20 C.F.R. § 422.515 as follows: "Appointment of Representative. (For use by person other than an attorney authorized by a claimant to act for him in a claim or related matter.)"

& Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

In order to prevail on a motion for summary judgment, the Defendant must show that the Plaintiff has no evidence to support his case on the narrow issue raised in the motion. *See* Celotex Corp., 477 U.S. at 322-23. If the Defendant successfully negates an essential element of the Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion. Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e). . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994). Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

> **B. Review of the Commissioner's final Decision**

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976)). Congress waived sovereign immunity in 42 U.S.C. § 405(g) by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *See* Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to [him] of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g); *see* 20 C.F.R. § 422.210(b) & (c). The Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986) (internal quotation marks and citation omitted). Thus, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).

In Jackson, the Eleventh Circuit held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." 596 F.3d at 1353 (citing Waller v. Comm'r of Soc. Sec., 168 F. App'x 919 (11th Cir. 2006)). The extraordinary circumstances standard "may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .'" Id. (quoting Waller, 168 F. App'x at 922). Extraordinary circumstances sufficient for equitable tolling may, similarly, include fraud, misinformation, or deliberate concealment, and whether the facts of a particular case demonstrate extraordinary circumstances is a fact-specific determination. Jackson, 506 F.3d at 1354-55 (citing Cabello v. Fernandez-Larios, 402 F.3d 1148, 1154 (11th Cir. 2005)); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005) (doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

Thus, a finding of extraordinary circumstances is necessary before the Social Security Administration's statutory period may equitably be tolled, "and this determination 'is reserved for extraordinary facts.'" Id. at 1353-54 (citing Cabello, 402 F.3d at 1148); *see also* Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (noting that equitable tolling "is to be applied sparingly."). The Eleventh Circuit has defined "extraordinary circumstances" narrowly. *See, e.g.*, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling is typically applied sparingly); Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir.

2003), *aff'd*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (equitable tolling is available "only in truly extraordinary circumstances"); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) ( per curiam ) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citations omitted); *see also* Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll AEDPA's statute of limitations on the basis of attorney negligence).  Likewise, in Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151-52, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1982) (per curiam), the Supreme Court indicated that a statutory period may be tolled in limited circumstances, i.e., where the delay resulted from conduct engaged in by other parties without any apparent negligence by the plaintiff. In such situations equity would not be served by barring the cause of action.  *See also* Bowen, 106 S. Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this" where the government's secretive conduct prevented the plaintiffs from learning of their rights). The Supreme Court has also stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990) (footnotes omitted).  In this vein, the Eleventh Circuit has noted that "the interests of justice side with the defendant when the plaintiff does not file her action in a

timely fashion despite knowing or being a position reasonably to know that the limitations period is running." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (citations omitted).

### C. Discussion

For the Defendant, the issue is straight forward. The Plaintiff and his counsel received notice of the Appeals Council's action (May 28, 2013) denying the Plaintiff's request for review of the ALJ's decision; the Plaintiff was informed that the deadline for filing a civil action was within 60 days of receipt of the action by the Appeals Council, plus five days for mailing; that the time for filing a civil action was August 5, 2013; the Plaintiff filed an untimely request to extend the deadline and an untimely Complaint on August 7, 2013; and there are no circumstances that would justify equitable tolling of the 60-day requirement. Docs. 13 & 20; *see supra* n.1.

In the motion to dismiss, the Defendant stated that the deadline was *August 1, 2013*. Doc. 13 at 2. The Defendant relied on the declaration of Patrick J. Herbst for this date. *Id.* (The Appeals Council also mentioned the August 1, 2013, as the deadline for filing a civil action. Doc. 13-1 at 24.) The Plaintiff filed a response to the motion to dismiss and stated that "[a] date stamp affixed to the Appeals Council's notice of decision at the office of [Plaintiff's] prior counsel indicates that office received the Appeals Council's notice on Monday, June 3, 2013." Doc. 14 at 2, exh. 1. The Plaintiff noted that June 3, 2013, was a legal holiday in Florida citing to Federal Rule of Civil Procedure 6(a)(6)(C) and Fla. Stat. § 683.01(1)(l). Doc. 14 at 2. The Plaintiff stated that the 60th day from June 5, 2013, two days after the holiday, was Saturday, August 3, 2013, and, as a result, the civil action filing date was necessarily the following

Monday, *August 5, 2013*. *Id*. It appears that the Defendant, realizing the issue related to the due date raised by the Plaintiff has merit, acknowleged that the due date was August 5, 2013, which, according to the Defendant, did not change the result because the request for extension of time and the Complaint were filed on August 7, 2013, two days late. Doc. 20 at 2.

Further, and a point contested by the Plaintiff, the Defendant concludes that she "is unaware of a *timely* request for an extension of time to file a civil action as specified in the Appeals Council's May 28, 2013, letter and in section 206(g) of the [Act], as amended (42 U.S.C. 405(g)), and in section 422.210 of the Social Security Administration regulations No. 22 (20 C.F.R. 422.210)." Doc. 13 at 5. The Plaintiff "disputes Defendant's contention that there is a time limit for requesting an extension of time to commence a civil action and Defendant's related contention that good cause for extending the deadline to commence a civil action in this case does not exist because Plaintiff's extension request was untimely." Doc. 23 at 1. The Plaintiff also disputes the Defendant's "decision not to extend the deadline in this case is entitled to deference" because the Appeals Council's decision not to extend the deadline "was based upon an erroneous finding concerning the applicable deadline for commencing a civil action in this case referring to the August 1, 2013, date in the Appeals Council's notice, doc. 13-1 at 24, and not the correct deadline of August 5, 2013. Doc. 24 at 2; *see supra n.1*. The Plaintiff does not take issue with the Appeals Council finding that "[a]lthough [Plaintiff's counsel] did not receive a signed SSA-1696 until August 2013, this case was first referred to you in July 2013," and that "the claimant signed the SSA-1696 on July 29, 2013, three days before the filing deadline." Doc. 13-1 at 23-24.

The Plaintiff argues that 20 C.F.R. § 422.210(c) imposes a time limit for commencing a civil action, but does not impose a time limit for requesting an extension of time to commence a civil action. Doc. 24 at 2. Section 405(g) provides similar language. The Plaintiff also argues that other regulations do not impose a time limit for requesting an extension of time to commence a civil action citing 20 C.F.R. §§ 404.982 and 404.911. *Id*. 20 C.F.R. § 404.982 (extension of time to file action in Federal district court) provides:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. *If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 404.911.*

(emphasis added). 20 C.F.R. § 404.911 (good cause for missing the deadline to request review) provides:

> (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider—
>
> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.
>
> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

(2) There was a death or serious illness in your immediate family.

(3) Important records were destroyed or damaged by fire or other accidental cause.

(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.

(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.

(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7) You did not receive notice of the determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

The undisputed facts show that Plaintiff's counsel, although apparently now mistaken, advised the Appeals Council that the time for filing the civil action expired on August 2, 2013, not August 5, 2013, as suggested by the parties.  Doc. 13-1 at 23.  The Appeals Council believed the expiration date was August 1, 2013.  Doc. 13-1 at 24.  Notwithstanding, the Plaintiff's request for an extension of time and his Complaint were filed on August 7, 2013, two days late, giving the Plaintiff the most generous expiration date.

The provisions of law cited by the parties, namely § 405(g) and 20 C.F.R. §§ 404.911, 404.982, and 422.210(c), are silent on the issues of when an extension of time must be filed and how the possibility of an extension of time impacts the 60-day

filing deadline.  See Rivera-Gonzalez v. Astrue, Case No. 8-11-CV-172-T-30EAJ, 2011 U.S. Dist. LEXIS 63673, at 2 (M.D. Fla. June 16, 2011).[3]  The absence of guidance on these issues has been discussed in Rivera-Gonzalez and Laursen v. Massanari, 164 F. Supp. 2d 317, 319-21 (E.D. N.Y. 2001).

This is not a case involving a pro se plaintiff who was in some manner misled, or due to illness or otherwise was unable to timely file a civil action.  *See generally* Carroll v, Astrue, Case No. 3:09-cv-00515-PPS-CAN, 2010 U.S. Dist. LEXIS 51191, at *7-8 (N.D. Ala. May 24, 2010); Sanchez v. Barnhart, Case No. 03-C-537-C, 2004 U.S. Dist. LEXIS 9037, *3-7 (W.D. Wis. May 4, 2007).  Here, the Plaintiff is represented by counsel and it is undisputed that the Plaintiff's "case was referred to [current] counsel in July 2013 and [current] counsel received petitioner's appointment as representative (enclosed) in August 2013," doc. 13-1 at 23, actually signed by Plaintiff on July 29, 2013, doc. 13-1 at 24, facts not contested by the Plaintiff.  This is the extent of any "good cause" offered by counsel to excuse or explain why he could not file a civil action before the filing deadline expired on or before (what he believed to be at the time) August 2, 2013, or, for that matter, a request for extension of time prior to the deadline. *Id.*  Again, the Appeals Council noted that the Plaintiff signed the representation form, SSA-1696 on July 29, 2013, three days before the filing deadline (assumed to be August 1, 2013, by the Appeals Council and August 2, 2013, by the Plaintiff's counsel)

---

[3]  In Rivera-Gonzalez, Plaintiff's counsel, who was recently retained, filed an extension of the 60-day filing deadline *prior* to the expiration of same and the request was presumably still pending when the timeliness issue was decided in plaintiff's favor by the court.  *Id.* at *4.  The court noted that "the Eleventh Circuit seemed to imply in *Jackson v. Astrue* . . . that a timely-filed motion for an extension of time would weigh in favor of an equitable tolling argument.  506 F.3d 1349, 1357 (11th Cir. 2007) (noting that Jackson did not timely file her challenge, or a motion for an extension, in the appropriate court)."  *Id.* at *5.

and further stated that counsel "did not file the civil action *or* seek an extension to file the civil action until August 7, 2013." Doc. 13-1 at 24 (emphasis added). The Appeals Council ultimately concluded that counsel had "not established good cause for filing late." *Id*. It appears that the Appeals Council was referring to the extension request *or* the filing of the Complaint when it determined that counsel had not shown good cause for filing late. *Id.*

The record indicates that it was not until briefing was received by this Court that the Plaintiff, the Defendant, and the Appeals Council considered the wrong filing deadline date. Counsel believed it was August 2, 2013, doc.13-1 at 23; the Appeals Council believed it was August 1, 2013, as did the Defendant in her motion to dismiss, doc. 13 at 2. Now, the Plaintiff and the Defendant agree that the filing deadline was August 5, 2013. Thus, the Complaint was filed two days late rather than six days late. It is unknown whether the change in the deadline would have made a difference to the Appeals Council when determining whether good cause was shown.

Notwithstanding, and aside from the discussion by at least two courts regarding the generic extension of time issue, *see* Rivera-Gonzalez and Laursen v. Massanari, *supra*, the Court is troubled by the absence of any argument made by the Plaintiff that the Appeals Council erred in rejecting the Plaintiff's offer of "good cause," which was very limited as noted above. Counsel does not argue that he was prevented legally or otherwise from filing a request for extension of time or a complaint prior to the expiration of the 60-day time limit, whether it was August 1 or 2, 2013, or as now agreed upon, August 5, 2013. For example, counsel does not argue that he was legally prohibited from filing any documents on behalf of the Plaintiff until the SSA-1696 form was signed

by the Plaintiff.  The document was signed by the Plaintiff on July 29, 2013, a fact not in dispute.  Counsel does not state a specific date when he received the signed document or when he knew it was signed.

Other than stating that the Plaintiff's case was referred to him in July 2013 and that he received the Plaintiff's appointment as representative in August 2013, counsel provides no explanation why the request for extension of time and/or the complaint were not filed until August 7, 2013.  Doc. 13-1 at 23.  Stated otherwise, counsel does not argue that he was legally or otherwise prevented from filing the request for extension and/or the complaint timely.  Counsel has not shown that the Appeals Council erred in rejecting his showing of "good cause."

The Plaintiff did not show that he is entitled to equitable tolling, "more than a showing of good cause." Collier-Fluellen v. Comm'r of Soc. Sec., 408 F. App'x 330 (11th Cir. 2011) (unpublished) (quoting Jackson v. Astrue, 506 F.3d at 1355-57).  The Eleventh Circuit has held that although "equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.'  And traditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Collier-Fluellen v. Comm'r of Soc. Sec., 408 F. App'x 330.  None of these factors were shown here.  *See, e.g.*, Smith v. Soc. Sec. Admin. Comm'r, 393 F. App'x 596 (11th Cir. 2010) (unpublished) (rejecting arguments about plaintiff's mental illness, dependence on daughter, and attorney error constituted extraordinary circumstances warranting equitable tolling); Hoffman v. Astrue, Case No. 10-81168-CIV-HURLEY/LYNCH, 2011 U.S. Dist. LEXIS 500089, at *2 (S.D. Fla. Apr. 11, 2011)

("Case law applies Bowen very strictly and offers strong authority against equitable tolling in situations like the one at bar, even when the complaint is just one day late." (citations omitted).")

In conclusion, after considering the Rule 56 evidentiary materials and all of the information supplied by the Plaintiff and the Defendant, the undersigned concludes that no genuine issue of material fact exists. Thus, the Defendant's properly-supported motion for summary judgment should be granted, as this action is barred by the statute of limitations.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.  That the Defendant's motion to dismiss, doc. 13, treated as a motion for summary judgment, doc. 15, be **GRANTED.**

2.  That within SEVEN (7) DAYS of the date of docketing an order adopting this Report and Recommendation, the Plaintiff's counsel shall certify to the Court that he has provided his client with a copy of this Report and Recommendation.

3.  That judgment be entered accordingly and the Clerk be directed to close this file.

**IN CHAMBERS** at Tallahassee, Florida, on March 7, 2014.

          <u>s/ Charles A. Stampelos</u>
          **CHARLES A. STAMPELOS**
          **UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**